FILED

May 20, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:36 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: AARON STANLEY

DOCKET #:   2015-18-2120

EMPLOYER: WALMART, INC.

STATE FILE #: 96698-2014

INSURANCE CARRIER:  N/A

DATE OF INJURY: 11/17/ 2014

JUDGE: BAKER

## EXPEDITED HEARING ORDER

THIS CAUSE came before the Court upon the Request for Expedited Hearing filed on March 30, 2015, by Aaron Stanley, the employee, pursuant to Tennessee Code Annotated section 50-6-239. The Court convened a telephonic hearing on April 30, 2015.   Attorney John West represented Mr. Stanley and attorney Jay Johnson represented Walmart, Inc. (Walmart), the employer. Upon review of Mr. Stanley's request for expedited hearing and the attached documentation, the documentation presented by Walmart, the parties' briefs and arguments, and in consideration of the applicable law, the Court holds that Mr. Stanley is not entitled to the requested medical benefits.

## ANALYSIS

### Issue

Whether Walmart should be required to provide Mr. Moseley medical treatment for an alleged back injury.

### Evidence Submitted

The Court has received and considered the following exhibits from Mr. Stanley:

Exh. 1 – Causation letter from Dr. Frank Thomas (3 pages)
Exh. 2 – HIPPA compliance Notice
Exh. 3 – Medical records invoice
Exh. 4 – Medical records request to Concentra (2 pages)
Exh. 5 – Medical records certification from Dr. Thomas
Exh. 6 – "Physician Work Activity Status Report" dated December 30, 2014
Exh. 7 – "Recheck Injury Flowsheet" from date December 30, 2014
Exh. 8 – "Physician Work Activity Status Report" dated December 10, 2014

1

Exh. 9 – "Injury/Illness Flowsheet" dated December 10, 2014
Exh. 10 – Medical records release dated December 9, 2014
Exh. 11 – Patient intake form dated December 9, 2014
Exh. 12 – "Front Office Triage Form" dated December 9, 2014
Exh. 13 – Medical record dated December 30, 2014 (2 pages)
Exh. 14 – Medical record dated December 10, 2014 (3 pages)
Exh. 15 – Physical therapy prescription from Dr. Thomas
Exh. 16 – Unsigned C-30 form.

The Court received and considered the following exhibits from Walmart:

Exh. 17 – Form C-20, First Report of Injury
Exh. 18 – Form C-41, Wage statement
Exh. 19 – Form C-42, Agreement Between and Employer/Employee Choice of Physician
Exh. 20 – Form C-31
Exh. 21 – "Associate Incident Report" of Aaron Stanley
Exh. 22 – Declaration of Marcus Jones
Exh. 23 – Declaration of Robert Handley
Exh. 24 – Correspondence indicating denial of claim dated December 15, 2014.

## History of Claim[1]

Mr. Stanley is forty-two (42) years old and employed by Walmart at its store on Old Fort Parkway in Murfreesboro, Tennessee. On December 9, 2014, Mr. Stanley filed an "Associate Incident Report" describing an incident that occurred in the morning "starting around the week of" November 17, 2014. (Exh. 21). When asked to describe what he was doing just before the incident occurred, Mr. Stanley wrote, "lifting heavy items in back room." When asked to describe, "how the injury actually occurred," he wrote, "just lifting." A "First Report of Work Injury or Illness" completed by Walmart indicated "material handling-lifting" as the mechanism of injury and also stated "injured back over a period of time." (Exh. 17).

Two other Walmart employees provided statements under penalty of perjury, in accordance with the provisions of Rule 72 of the Tennessee Rules of Civil Procedure, concerning conversations they had with Mr. Stanley about the incident. Walmart Associate Marcus Jones' statement included the following:

> 3.    On December 9, 2014, I personally spoke with Mr. Aaron Stanley concerning his statements about claiming to have injured his low back at work.
>
> 4.    I asked Mr. Stanley when he hurt his back, and he advised that he was not sure, but that his back had been hurting for 2 or 3

---

[1] Because no witnesses testified at the Expedited Hearing, the Court derived the claim history entirely from the documentation submitted by the parties.

weeks prior to that December 9, 2014 date.

> 5.  I asked Mr. Stanley if he knew of how he had hurt his back, and he could not tell me of any specific incident or set of incidents that caused his back pain or injury.

(Exh. 22). Associate Robert Handley included the following paragraphs in his statement:

> 3.  On December 9, 2014, I personally spoke with Mr. Aaron Stanley concerning his statements about claiming to have injured his low back at work.

> 4.  I asked Mr. Stanley when he had hurt his back, and he advised that he was not sure, but that his back had been hurting and worsening for 2 or 3 weeks prior to that December 9, 2014 date.

> 5.  I asked Mr. Stanley if he know of how he had hurt his back, and he could not tell me of any specific incident or set of incidents that caused his back pain or injury.

(Exh. 23).

After he reported the incident, Walmart provided Mr. Stanley a panel of physicians from which he chose Dr. Frank Thomas of Concentra as the authorized treating physician. (Exh. 19). Mr. Stanley first saw Dr. Thomas on December 10, 2014. Mr. Stanley completed an intake form when he arrived at the office. In answering the question "How did the injury happen?", Mr. Stanley wrote "possably [sic] lifting." (Exh. 11). Additional medical records from the appointment provide the following:

> Patient states: "I INJURED MY LOWER BACK WHILE LIFTING." He constantly lifts at work and lift [sic] products frequently weighing 40-60 lbs. He has no one event but has had soreness for about two weeks as his work load has increased. The [sic] pain and discomfort in his lower back has increased in intensity over the past day or two.

(Exh. 14).

Dr. Thomas diagnosed a lumbar strain and released Mr. Stanley to return to work that day with restrictions that prohibited him from lifting more than twenty (20) pounds, pushing or pulling with more than twenty (20) pounds of force, squatting or kneeling and bending more than eight (8) times per hour. (Exh. 8). He also recommended that Mr. Stanley begin physical therapy. (Exh. 8).

On December 15, 2014, Walmart denied Mr. Stanley's claim. Walmart denied the claim based on its investigation that revealed Mr. Stanley's injury did not arise within the course and scope of his employment with Walmart. (Exh. 24).

3

On December 30, 2014, Mr. Stanley returned to Dr. Thomas for a follow-up. The medical records from that visit indicate that Mr. Stanley told Dr. Thomas that his back pain had improved but he had started to experience "abdominal soreness" and "discomfort in the left testicle." (Exh. 13). Dr. Thomas added an additional diagnosis of an abdominal wall strain and increased Mr. Stanley's restrictions to prohibit him from bending at all. (Exhs. 6, 13).

On March 25, 2015, Mr. Stanley, through counsel, sent a letter to Dr. Thomas seeking an opinion on medical causation. (Exh. 1). In the letter, counsel provided the following pertinent history: "As you are aware, you first evaluated Mr. Stanley on December 10, 2014, wherein Mr. Stanley reported that he injured his lower back while lifting. Moreover, Mr. Stanley reported that he constantly lifted at work which encompassed constant lifting of products frequently weighing between forty and sixty pounds." In responding to the letter, Dr. Thomas indicated that Mr. Stanley's work for Walmart caused his lumbar and abdominal wall strains.

## Mr. Stanley's Contentions

Mr. Stanley contends that he suffered a compensable back and abdominal injury. He claims Walmart improperly denied his claim. Mr. Stanley argues that he provided sufficient detail to support a claim for benefits. Mr. Stanley's points out that Dr. Thomas, the authorized treating physician, opined that he suffered a back injury because of his work for Walmart and that his opinion is presumed correct. Finally, Mr. Stanley argues that it does not matter whether he suffered an acute injury or a repetitive stress injury; he suffered the injury as a result of his work for Walmart, and Walmart must provide medical benefits.

## Walmart's Contentions

Walmart argues that Mr. Stanley has failed to prove that he suffered an injury that arose primarily out of and in the course and scope of his employment. Essentially, Walmart argues that Mr. Stanley's descriptions of the mechanism of injury that he provided to Walmart, associate employees and the medical provider are so devoid of specific factual assertions that he cannot prevail in his claim. Walmart argues that the Workers' Compensation Law now precludes claims, like Mr. Stanley's, where the employee fails to identify a "specific incident or set of incidents identifiable by time, place and manner."

Walmart further argues that the opinion issued by Dr. Thomas in response to the letter prepared by Mr. Stanley's counsel is inadmissible hearsay. Walmart argues that the letter does not constitute a medical record. Walmart asks that the Court adjudicate Mr. Stanley's claim non-compensable and dismiss his petition.

## Findings of Fact and Conclusions of Law

*Standard Applied*

4

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. § 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

## *Factual Findings*

The Court finds that Mr. Stanley suffered an injury on or around December 8, 2014, for which Walmart provided medical care. The Court finds that the authorized treating physician, Dr. Thomas, opined that Mr. Stanley's work at Walmart caused his injury.

## *Application of Law to Facts*

Under the Tennessee Workers' Compensation Law, an "injury" or "personal injury" by accident is compensable whenever "the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted).

In Tennessee, there is no formula that will clearly define the line between accidents and injuries that arise out of and in the course of employment and those that do not. Instead, each case must be decided with respect to its own attendant circumstances and not by resort to some formula. *Bell v. Kelso Oil Co.,* 597 S.W.2d 731, 734 (Tenn.1980). Under Tennessee Workers' Compensation Law, it is well established that the mere presence in the workplace at the time an injury occurs will not result in the injury being considered as arising out of the employment. Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).

Through this Expedited Hearing, Mr. Stanley seeks additional medical benefits for an alleged work-related back injury and abdominal strain. Mr. Stanley submitted many documents to support his motion. Mr. Stanley did not, however, include an affidavit detailing how he incurred the back injury. He also did not testify at the hearing. For that reason, the only written statements, directly attributable to Mr. Stanley, available to the Court at this time are contained in the "Associate Incident Report" he completed on December 9, 2014 (Exh. 21), and the patient intake form he completed at Concentra on December 10, 2014 (Exh. 11).

In the "Associate Incident Report," Mr. Stanley wrote that he was "lifting heavy items in back room" just before the incident, and "just lifting" at the time the incident occurred. On the Concentra intake form, however, Mr. Stanley wrote "possably [sic] lifting" when asked how his injury occurred. The undersigned finds that these differing statements indicate uncertainness on Mr. Stanley's part in defining the mechanism of injury.

The medical records from Mr. Stanley's first visit with Dr. Thomas also include statements Mr. Stanley presumably made almost immediately after he completed the intake form. The records state the following, curiously unequivocal, patient history: "I INJURED MY LOWER BACK WHILE LIFTING." He constantly lifts at work and lift [sic] products frequently weighing 40-60 lbs. He has no one event but has had soreness for about two weeks as his work load has increased. The [sic] pain and discomfort in his lower back has increased in intensity over the past day or two." (Exh. 14).

In addition to this proof, Mr. Stanley has presented a causation letter from the authorized treating physician. (Exh. 1). In that letter, Dr. Stanley opined that Mr. Stanley's lumbar and abdominal strains resulted from his work at Walmart. In the causation letter, Mr. Stanley's counsel indicated that Mr. Stanley "…reported that he constantly lifted at work which encompassed constant lifting of products frequently weighing between forty and sixty pounds." Based on this history, Dr. Thomas opined that Mr. Stanley's work at Walmart caused his lumbar and abdominal strains.

In response to Mr. Stanley's request for medical benefits, Walmart has presented declarations from two individuals whose statements deepen the mystery of how Mr. Stanley injured his back. In those statements (Exhs. 22, 23), Mr. Jones and Mr. Handley both state that they had conversations with Mr. Stanley around the time he reported his claim. In those conversations, Mr. Stanley told both men that he was not sure how his injury occurred.

Based on this evidence, the Court finds that the proof presented is equivocal. Walmart has presented sworn statements that cast doubt on the compensability of Mr. Stanley's claim. The only statements he provided directly—the Associate Incident Report and the Concentra patient intake form—do not present sufficient detail to present a prima facie case for an injury by accident. Furthermore, the only statements providing detail on how Mr. Stanley allegedly suffered his injuries—the patient history from the December 10, 2014 office visit and the causation letter—were neither written, nor expressly adopted, by him.

In light of the statements presented by Walmart, it would have been helpful to the Court if Mr. Stanley had provided an affidavit or testimony that explained exactly how he incurred his injury. Mr. Stanley has the burden of proof in this Expedited Hearing. While the law does not require Mr. Stanley to prove his entire claim by a preponderance of the evidence at an Expedited Hearing, he must present proof showing that he is likely to prevail at a hearing on the merits. At this point, Mr. Stanley has not carried this burden. The Court denies his request for reinstitution of medical benefits.

Walmart has also asked that the Court adjudicate that Mr. Stanley's claim is not compensable. The Court declines Walmart's request due to the disputed factual issues detailed

herein and the interlocutory nature of this Expedited Hearing

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Stanley's request for reinstitution of medical benefits is denied.

2. This is not a final order.

3. This matter is set for Initial Hearing on June 16, 2015 at 9:00 a.m. (CDT)


ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 20TH DAY OF MAY, 2015.

_____
**Joshua Davis Baker**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Baker, Court of Workers' Compensation Claims. You must call (615) 741-2113 or toll free at (855) 874-0474 to participate in the Initial Hearing. Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of May, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| John West | | | | | X | john@westlawpllc.com |
| Jay Johnson | | | | | X | jay@cmwatsonlaw.com |

Penny Patterson-Shrum, Clerk
Tennessee Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov